**stevens martin vaughn & tadych**, PLLC
attorneys at law

Hugh Stevens
C. Amanda Martin
K. Matthew Vaughn
Michael J. Tadych

Hugh Stevens
hugh@eghs.com

21 July 2011

Via Electronic Mail and U.S. Mail

Daniel N. Rosenstein
Levin & Rosenstein, P.C.
1395 Piccard Drive
Suite 110
Rockville, MD 20850

Re: JOC Farms, LLC  RCIS Policy NC-090-793527 (Beaufort County, NC)

Dear Dan:

I presume that Charlie Fox or Tonya Rowe has provided you with a copy of the enclosed Appeal Determination concerning JOC Farms' 2009 tobacco crop in Beaufort County. The hearing officer, Ms. Glenna J. Sheveland, ruled in our client's favor on one set of issues – i.e., whether JOC Farms' 2009 crop was affected by Black Shank Disease and, if so, whether JOC Farms had taken proper precautions against it. On the other hand, she ruled against us on another set of issues – i.e., whether our client had failed to harvest its Beaufort County crop in a timely manner. At the end of the day she concluded that although RMA's Agency Decision contained error, the error was not material and did not change the outcome of the decision.

Another key issue raised by our client's appeal was whether the indemnity payment received from RCIS ($100,907) was calculated improperly. Although this issue was the subject of extensive testimony by Mr. Fox at the last session of the hearing, which occurred on May 24, 2011, his testimony did not provide us with a clear or cogent explanation as to how the indemnity was calculated. (We can provide you with an audio DVD of the hearing if necessary.)

To our surprise, Ms. Sheveland did not resolve this issue, saying:

> After extensive reflection on this question, and a review of the regulations and evidence, I conclude this question is not an issue that is within the scope of NAD's jurisdiction. As RMA indicated during the hearing, the calculation and disbursement of indemnity payments to a policyholder is not within RMA's authority [FOF 19]. Even in an instance where RMA may participate in the review of a large claim, RCIS makes all calculations and conclusions regarding payments to its policyholders [FOF 19]. See also Manager's Bulletins MGR-05-009 and MGR-05-009.1. There is some evidence that RMA intended to review the final calculations for the indemnity payment; however, there is no evidence in the record showing RMA participated in or assisted with the calculation of the payment made to Appellant [FOF 19].
>
> Because RMA does not have authority over this issue, NAD is also without jurisdiction to address it in this appeal.

EXHIBIT B

Case 4:12-cv-00186-D  Document 1-2  Filed 08/09/12  Page 1 of 2

1101 Haynes Street, Suite 100 | Raleigh, NC 27604-1455 | 919-582-2300 telephone | 866-593-7695 facsimile | www.smvt.

In light of this ruling, and in light of the absence of any clear explanation as to how Mr. Fox calculated the indemnity, we write (1) to provide you with our understanding as to the proper method for calculating the indemnity in accordance with JOC Farms' policy; (2) to request that RCIS provide us with a clear and complete explanation, including all available documentation, of Mr. Fox's calculation; and (3) to demand that RCIS recalculate the indemnity and pay JOC Farms the additional amount due under the policy, which we calculate to be $619,574.41.

The following is our understanding as to the proper method for calculating JOC's indemnity in accordance with its RCIS policy. Please note that <u>even though we disagree with some of RMA's determinations, including the number of acres planted by our client and the number of pounds that were lost owing to uninsured causes (JOC Farms' alleged failure to harvest its Beaufort County crop in a timely manner), we have used the same numbers used by RMA and Mr. Fox</u>.

JOC Farms' guaranteed coverage under the policy was for 974,325 pounds at a price of $1.85 per pound. Thus the total value of the coverage was $1,802,501.25 (974,325 x $1.85).

RMA determined that JOC Farms lost 256,248 pounds lost owing to uninsured causes. The value of these lost pounds is $474,058.80 (256,248 x $1.85).

JOC Farms harvested and sold 765,694 pounds at an average price of $0.794. Thus the total dollar value of the harvested crop was $607,961.04 (765,694 x .794).

The value of the pounds allegedly lost owing to uninsured causes plus the amount received for the harvested pounds equals $1,082.019.84 ($474,058.80 + $607,961.04). Subtracting this total from the policy guarantee leaves a loss of $720,481.41 attributable to insured causes – i.e., Tomato Wilt Virus, brown spot, and other diseases. Applying the amount previously paid by RCIS leaves a balance of $619,574.41 due JOC Farms.

If RCIS disagrees with this calculation we request that we be provided with detailed explanations as to why RCIS believes our calculation is incorrect and as to what RCIS believes is the correct calculation.. Otherwise we will expect to receive RCIS' check in the amount of $619,574.41.

                    Very truly yours,

                    Stevens Martin Vaughn & Tadych, PLLC

                    Hugh Stevens

C: Joseph D. Briley, Jr.