# LEVIN & ROSENSTEIN, P.C.

SUITE 110
1395 PICCARD DRIVE
ROCKVILLE, MD 20850
TELEPHONE (301) 208-1795
FACSIMILE (301) 208-1855

August 1, 2011

Hugh Stevens, Esquire
Everett, Gaskins, Hancock & Stevens, LLC
P.O. Box 911
Raleigh, NC 27602-0911

      Re: JOC Farms LLC
          2009 MPCI Policy No. NC-090-793527 (Beaufort County)

Dear Mr. Stevens:

    I am responding to your July 21, 2011, letter concerning the decision issued by the National Appeal Division ("NAD") in conjunction with Case No. 2011S000349 and demanding that Rural Community Insurance Services ("RCIS") pay an indemnity in the amount of $619,574.41 to JOC Farms LL ("JOC"). RCIS has reviewed your letter and the NAD decision. In addition, RCIS provided a copy of your July 21st letter to the Risk Management Agency ("RMA").

    The NAD decision of July 11, 2011, concluded that JOC did not experience insurable losses as a result of excessive rain or naturally occurring disease. Further, the decision found that Black Shank did not cause insurable losses to the 2009 tobacco crop. To this end, the NAD decision states" "Although I conclude the Agency's decision contains error, it is not material error because *it does not change the outcome of the underlying Agency decision.*" (Emphasis added).

    Your letter also requests a detailed explanation of the indemnity calculation. An explanation of the indemnity calculation accompanied the check previously issued to JOC. In addition, during the NAD hearing, RCIS's employees provided testimony explaining both the loss inquiry reports and the effect of JOC's election of the Enterprise Unit Option in Beaufort County. The loss calculations were consistent with RMA procedures and explained at the hearing.

    Because RMA elected to participate in the adjustment of JOC's 2009 Beaufort County tobacco claim, sections 20(e) and (j) of the Common Crop Insurance Policy governs the resolution of disputes. Section 20(j) provides:

        If FCIC elects to participate in the adjustment of your claim, or modifies, revises or
        corrects your claim, prior to payment, you may not bring an arbitration, mediation



EXHIBIT C

or litigation action against us. You must request administrative review or appeal in accordance with section 20(e).

If JOC believes that NAD wrongly concluded that the Agency's errors were not material or erred in determining that JOC did not suffer insurable causes of loss, JOC must request a review of the decision as set forth on page 16 therein.

In sum, the NAD decision neither changed the outcome of the claim nor found that JOC was entitled to an additional payment, and RCIS did not make any calculations or decisions that were not agreed to during the course of the large claim process.

Sincerely,

Daniel N. Rosenstein

cc: Ms. Tonya Rowe
Ms. Diane Amera
Mr. E. Heyward Baker