IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-186-FL

| | | |
|---|---|---|
| J.O.C. Farms, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Rural Community Insurance Agency, Inc., | ) | ORDER |
| d/b/a Rural Community Insurance | ) | |
| Services; Fireman's Fund Insurance | ) | |
| Company; William J. Murphy, | ) | |
| Administrator for the Risk Management | ) | |
| Agency, United States of America; | ) | |
| Thomas James Vilsack, Secretary of | ) | |
| Agriculture for the United States of | ) | |
| America; and the United States | ) | |
| Department of Agriculture, Risk | ) | |
| Management Agency, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on motion by defendants Rural community Insurance Agency, Inc., d/b/a/ Rural Community Insurance Services ("RCIS"), and Fireman's Fund Insurance Company, (collectively, the "insurance defendants") to dismiss or, in the alternative, to enforce agreement to arbitrate and stay proceedings (DE #12). Also before the court is the motion to stay discovery by the insurance defendants (DE #24), plaintiff's motion to transfer the case to the bankruptcy court (DE #26). By separate order this date, the court granted the motion by RCIS to continue an administrative conference set for February 12, 2013.

## BACKGROUND

Plaintiff filed verified complaint on August 10, 2012, alleging damages arising out of defendants' alleged failure to comply with and properly administer two federally reinsured crop insurance policies, issued to plaintiff in 2009, which insured tobacco crops planted in Beaufort County and Pitt County, North Carolina. Plaintiff operates tobacco farms and other farming operations in these counties and contends that it planted 602.61 acres of tobacco in Beaufort County and 194 acres of tobacco in Pitt County, which were impaired in quality and diminished in quantity by adverse weather and naturally occurring disease. Plaintiff alleges that it submitted claims in compliance with the terms of the policies, and that its claims were denied initially and upon administrative review.

Plaintiff alleges that the insurance defendants marketed and issued the insurance policies under which insurance claims were made, and that the remaining defendants, federal government agencies and officers with oversight of federal crop insurance ("the government"), were responsible for administering and denying the insurance claims. Plaintiff raises several categories of claims in its complaint:

> 1. A claim for judicial review, against the government defendants, pursuant to the Administrative Procedure Act, seeking review of the actions by the government defendants in administering the insurance claims.[1]
>
> 2. A claim for breach of contract, against all defendants, alleging that defendants breached the terms of the crop insurance policies.
>
> 3. State law claims, against the insurers, for bad faith refusal to settle, unfair and deceptive trade practices, and unfair claim settlement practices, and fraud (against RCIS only).

---

[1] While plaintiff recognizes the government only elected expressly to be involved in plaintiff's Beaufort County insurance claim due to its large size, plaintiff asserts that the government also exercised influence over the determination of the Pitt County insurance claim. See Response at 4.

On November 14, 2012, the insurance defendants filed their motion to dismiss or, in the alternative, to enforce agreement to arbitrate and stay proceedings. The insurance defendants argue that an arbitration provision in the policies requires plaintiff to resolve all of its claims through arbitration, and that where plaintiff fails to initiate arbitration plaintiff cannot resolve the dispute through judicial review. Accordingly, the insurance defendants argue that the action must be dismissed, or, in the alternative, to compel arbitration and stay this action pending completion of arbitration.

In response, plaintiff concedes that the breach of contract claim against the insurers must be arbitrated, and that the court may compel arbitration of that breach of contract claim, and stay proceedings in this court with respect to that claim while arbitration proceeds. (Response at 1-2). By contrast, plaintiff notes that the government in its answer has admitted that plaintiff is entitled to judicial review of the agency action at issue in this case, and thus the insurance defendants have no standing to move either for arbitration or for a stay of this claim. (Response at 3). Plaintiff concedes, however, that the breach of contract claim is "inextricably intertwined with the plaintiff's claim for judicial review" bearing on the Beaufort County insurance policy, and plaintiff also asserts, as noted above, that the government defendants exercised influence and control over the determination of plaintiff's Pitt County insurance policy. (Response at 4).

With respect to the remaining state law claims, plaintiff argues that they are beyond the scope of the arbitration provisions in the insurance policies. (Response at 5-6). However, plaintiff suggests that "the interests of fairness and judicial economy would be best served by the court's staying *substantive* proceedings" on the state law claims, while allowing the parties to conduct discovery related to those claims. (Response at 7).

3

On January 9, 2013, the government filed a response in support of the motion to stay proceedings, arguing that for the sake of efficiency and to avoid confusion of parallel piecemeal proceedings and the waste of resources of the parties and the court, the action should be stayed pending the outcome of arbitration. The government asserts that the contract claims are closely interconnected to the judicial review claim, as well as the other claims asserted against the insurance defendants. The government also asserts that the court and the parties should not waste resources, prematurely, on discovery that is likely not to be necessary or relevant to the federal claims.

On January 23, 2013, the insurance defendants also moved to stay discovery, arguing that if the court decides to stay the non-contract, state-law claims pending resolution of arbitration, then "discovery at this point could be a useless exercise as the issues to be litigated could change dramatically once the arbitration is concluded."

On February 4, 2013, plaintiff filed its motion to transfer the entire case to the United States Bankruptcy Court for the Eastern District of North Carolina. Plaintiff notes that it filed for relief under Chapter 11 of the Bankruptcy Code on February 2, 2012, (Case No. 12-01285-8-RDD), and that five entities and one individual related to plaintiff have also filed relief in a case consolidated for administrative purposes. Plaintiff claims the result of the suit in district court will affect the administration of the bankruptcy estate and on payments made under the plan of reorganization set for court confirmation. The insurance defendants oppose the motion to transfer, arguing that plaintiff had full knowledge of the bankruptcy proceedings but failed to move for transfer earlier, and there is nothing about the claims at issue that would require adjudication by a bankruptcy court.

On February 6, 2013, the insurance defendants moved to continue the administrative conference noting (1) a conflict by counsel with a jury trial set in Union County, North Carolina

4

scheduled to begin February 12 and (2) that the pending motions will impact materially on the manner in which the case is prosecuted. The court granted the motion to continue by separate order this date.

## DISCUSSION

**A. Motion to Dismiss and to Compel Arbitration**

Section 2 of the Federal Arbitration Act (FAA) provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In addition, under the FAA, "a court must stay 'any suit or proceeding' pending arbitration of 'any issue referable to arbitration under an agreement in writing for such arbitration.'" Hill v. Peoplesoft USA, Inc., 412 F.3d 540, 543 (4th Cir. 2005) (quoting 9 U.S.C. § 3).

The Supreme Court has recognized that the FAA reflects "a liberal federal policy favoring arbitration agreements," and "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011) (internal citations omitted). Moreover, "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24-25 (1983).

A party can compel arbitration if it establishes: "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to

5

interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Am. Gen. Life & Acc. Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (internal quotations omitted).

The parties in their briefs have significantly narrowed the issues for resolution by the court. Plaintiff concedes in its response that the breach of contract claim against the insurance defendants must be referred to arbitration. In light of the principles stated above, the court agrees that the breach of contract claim is subject to arbitration under the arbitration provision in the insurance policies. Under the FAA, the court must "stay" litigation of this claim pending arbitration. 9 U.S.C. § 3; see Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 712 (4th Cir. 2001).

With respect to the remaining claims, plaintiff suggests that any substantive resolution of the remaining state law claims must be stayed pending arbitration. Plaintiff also admits that the breach of contract claim is "necessarily and inextricably intertwined" with the claim for judicial review. (Response at 4). In light of these admissions, while the court finds that these claims do not present issues referable to arbitration,[2] the court in its discretion finds that it is in the interest of efficiency of the court and the parties to stay the litigation of the non-arbitrable claims.

Under Fourth Circuit law, "the decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket." American Recovery Corp. v. Computerized Thermal Imaging, 96 F.3d 88, 97 (4th Cir. 1996). The Fourth

---

[2] Neither the insurance defendants nor the government provide specific argument as to why the non-contract claims, in this case, as distinct from the contract claims, should be submitted to arbitration. Indeed, in one of the few cases cited by both plaintiff and defendants, Nobles v. Rural Community Insurance Services, 122 F. Supp. 2d 1290 (M. D. Ala. 2000), the court determined that state law claims grounded in bad faith, fraud, and unfair trade and settlement practices, similar to those asserted here against the insurance defendants, should be stayed pending arbitration of claims under a crop insurance policy. Id. at 1301.

6

Circuit has observed that, as here, "[w]hile it is true that the arbitrator's findings will not be binding as to those not parties to the arbitration, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless militate in favor of staying the entire action." In American Home Assurance Co. v. Vecco Concrete Constr. Co., 629 F.2d 961, 964 (4th Cir.1980). For these reasons, the court will deny the motion to compel arbitration as to the non-contract claims, but will grant the alternative motion to stay these claims pending arbitration.[3]

Where proceedings in this matter will be stayed pending arbitration, the court will direct the Clerk to remove this case from the court's active docket, with leave for any party to move to reinstate the same on the active docket at the conclusion of arbitration proceedings. See Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290, 295 (4th Cir. 2008).

**B. Motion to Transfer to Bankruptcy Court**

Plaintiff's motion to transfer to bankruptcy court is not only untimely but also unsupported by the authority cited. First, with respect to timing, if plaintiff had wanted to bring the present dispute in bankruptcy court it could have done so before this suit was commenced in August 2012, as plaintiff admits it commenced bankruptcy proceedings in February 2012. Where plaintiff itself chose to commence this litigation in district court rather than in bankruptcy court, it should not now be allowed to reverse course after the insurance defendants have moved to compel arbitration of the claims.

---

[3] Although plaintiff concedes that resolution of its state law claims should be suspended pending resolution of arbitration, plaintiff argues that it nonetheless should be entitled to discovery regarding these claims. Plaintiff does not cite any case law supporting such an approach, and the court finds such a suggestion unprecedented and unwarranted in light of the stay of substantive proceedings.

7

Second, on substance, plaintiff's citation to 28 U.S.C. § 157 and the court's standing referral order for bankruptcy matters, dated August 3, 1984, do not support transfer here. 28 U.S.C. § 157 and the standing order merely provide authority for referring to the bankruptcy court matters arising under Title 11 or matters related to a case arising under Title 11. There is nothing about the claims at issue in this case that would require their adjudication as a core proceeding by the bankruptcy court. See 28 U.S.C. § 157(b)(2). In addition, although a "bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11," see § 157(c)(1), plaintiff has not provided any good reason for adjudication of these claims by the bankruptcy court, where the claims instead involve interpretation of the crop insurance contract, review of government action under the Administrative Procedure Act, and determination of whether the insurance defendants acted in bad faith or fraudulently under state law. (See Compl. at 4-17).

Further, plaintiff does not account for its own concession that the breach of contract claims must be referred to arbitration. As that is the case, the bankruptcy court would not be permitted to adjudicate this claim any more than the district court. See 9 U.S.C. § 3. Even as to the remaining claims, plaintiff's proposed transfer does not promote procedural efficiencies because the bankruptcy judge would not be able to enter final judgment on those claims in this litigation, but would only be able to "submit proposed findings of fact and conclusions of law to the district court." § 157(c)(1); see Stern v. Marshall, 131 S. Ct. 2594, 2604 (2011). Thus, the case would need to come back before the district court for final judgment in any event.

8

In sum, where plaintiff has made an untimely request for transfer and where plaintiff has not demonstrated good cause for the same, plaintiff's motion for transfer to bankruptcy court will be denied.

## CONCLUSION

Based on the foregoing, the court DENIES the insurance defendant's motion to dismiss, but GRANTS the alternative motion to enforce agreement to arbitrate and stay proceedings (DE #12). Plaintiff is ORDERED to submit its breach of contract claim to binding arbitration in the manner provided for in the arbitration agreement. The insurance defendants' motion to stay discovery (DE #24) is GRANTED, and this action shall be and the same is hereby STAYED pending arbitration, pursuant to 9 U.S.C. §§ 3, 4. Plaintiff's motion to transfer (DE #26) is DENIED. The Clerk is DIRECTED to remove this case from the court's active docket, with leave for any party to move to reinstate the same on the active docket at the conclusion of arbitration proceedings.

SO ORDERED, this the 8th day of February, 2013.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge